Dear Ms. Hattan:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Lafayette City/Parish Civil Service Board. You indicate the City/Parish consolidated government is scheduled to take effect on June 3, 1996, and it is their intention to appoint citizens to the new City/Parish Civil Service Board sometime after June 3, 1996. The current Board is concerned as to the nature and extent of its authority until the new Board is seated and you ask until the new Board is seated does the current Board still exercise its full authority.
You state the City/Parish Charter had not anticipated the question presented of continuation of existing boards or commissions until the newly elected officials act, and you further point out that research has not shown this issue addressed by our courts.
Atty. Gen. Op. No. 78-1108 in answer to the inquiry whether the Lafayette City Counsel under powers granted in the Home Rule Charter could abolish the Municipal Employees Civil Service Board, concluded the Lafayette City Council was not authorized under the powers granted in its 1971 Home Rule Charter to enact an ordinance in conflict with any act of the Legislature regarding a municipal civil service system, particularly Act 288
of 1958 which we note created the classified civil service for Municipal Government Employees for the City of Lafayette and established the Civil Service Board. The opinion observed that all home rule charters in existence on the effective date of the Constitution of 1974 would remain in effect but with no greater powers than existed under the 1921 Constitution, and further noted that Art. X, Sec. 15 of the Constitution of 1974 provides that nothing in that Part would prevent the establishment by the legislature of a municipal civil service system in municipalities having less than four hundred thousand.
We also note that Atty. Gen. Op. No. 93-377 observed that the City of Lafayette was governed by a Home Rule Charter and had not elected to be governed by the City Civil Service rules as provided in Art. X, Sec. 14 of the La. Const. of 1974.
While we find that the adoption of the unified city-parish government by the electorate repeals the previously existing charters, you indicate the charter of the reorganized government is silent in regard to the transition of existing Boards and Commissions.
In Atty. Gen. Op. No. 93-385 this office was faced with a Home Rule Charter adopted by St. Bernard Parish that did not mention the Water and Sewer Commission that was a political subdivision of the State. It was determined that the approval of the Home Rule Charter did not automatically invalidate the act that created the Commission. It was found that the election at which the Charter was approved was not an election on the question of the consolidation of the Commission, and since the Charter did not mention the Commission or the consolidation and assumption of its bonded indebtedness, those issues had not been before the voters. Reliance was placed upon the transcript of the Constitutional Convention of 1973 wherein the comment was made that with an agency not created by the governing authority "there ought to be one addition al safeguard before any merger or consolidation would take place." Therefore, it was concluded that "the Commission did not cease to exist by virtue of the adoption of the Charter and that in order to merge and consolidate the Commission into that Parish, it would be necessary to hold an election for that purpose in accordance with Article VI, Section16 of the Louisiana Constitution and Section 7-09 of the Charter." It was stated if the voters approved the consolidation and assumption of the Commission's debt, repeal of the Act would not be necessary.
Since we find that the Classified Civil Service for Municipal Government Employees of the City of Lafayette and its Board was established pursuant to Act 288 of 1958, we would conclude the Lafayette Municipal Civil Service Board authorized by the legislature in Act 288 of 1958 would continue for the Municipal Employees until under the new unified charter a City/Parish Civil Board is established in accordance with the Charter as approved by the electorate. While the Charter did not discuss the transition, we assume the electorate did approve by the adoption of the charter that there be a City/Parish Civil Service.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR